IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 18-216-3 |
| | ) |
| v. | ) |
| | ) |
| MOUSSA JABATEH | ) |

**OPINION**

**SYNOPSIS**

On October 1, 2019, the Defendant pleaded guilty to a lesser included offense at Count 1 of the Superseding Indictment, namely, conspiracy to possess with intent to distribute 500 grams or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), in violation of 21 U.S.C. § 846. (ECF No. 195). This Court sentenced him to a term of imprisonment of 60 months, followed by a four-year term of supervised release. (ECF Nos. 263, 266). Defendant is presently housed at FCI Ray Brook. Per Inmate Locator, his projected release date is October 19, 2022.[1] Significantly, Immigration and Customs Enforcement lodged a detainer against the Defendant on August 7, 2018. Defendant was born in Liberia, Africa. As part of the plea agreement and sentencing pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Defendant agreed to a Stipulated Judicial Order of Removal pursuant to Section 238(c)(5) of the Immigration and National Act, 8 U.S.C. § 1225(c)(5). Thus, upon completing his prison sentence, he will be removed from the United States.

Defendant has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1). (ECF No. 322). He contends that his proximity to his release date, his

---

[1] I note that the Government indicates Defendant's full term of imprisonment expires on July 23, 2023. (ECF No. 324, p. 7).

1

conduct while in prison, and his pending deportation, coupled with his family and personal circumstances in the United States, together, constitute "extraordinary and compelling circumstances" warranting a reduction in his sentence amounting to immediate release prior to his deportation. The Government has responded. (ECF No. 324)  For the following reasons, Defendant's Motion is denied.

## ANALYSIS

The First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i) permits a district court to modify a federally imposed sentence. A court may grant compassionate release where "extraordinary and compelling reasons" support a reduction of the sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1). To succeed on his Motion, the Defendant bears the burden of establishing that he has exhausted all administrative remedies; that extraordinary and compelling reasons justify compassionate release; and that the applicable sentencing factors under § 3553(a) warrant a reduction.

The Government appears to concede that the Defendant has satisfied the procedural prerequisites for judicial review. (ECF No. 324, p. 7, n. 1). I agree. More than 30 days have passed since the Defendant submitted a letter to the Warden of his facility

requesting compassionate release. Consequently, I turn to the second consideration – whether the Defendant has established extraordinary and compelling circumstances warranting relief.

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation … alone' does not suffice." *United States v. Kevin Grace*, Crim. No. 17-144, 2021 WL 564788, at * 4 (W.D. Pa. Nov. 30, 2021), *quoting*, *United States v. Adeyemi*, Crim. No. 6-124, 2020 WL 3642478, at * 7 (E.D. Pa. July 6, 2020) (internal quotations omitted). Consequently, although the Court takes note of the Defendant's conduct while incarcerated and his efforts to teach fellow inmates, these actions alone will not establish extraordinary and compelling reasons for release.

The Defendant argues that his personal situation also merits consideration. According to the Defendant, since his arrest, he has been unable to attend to personal matters that are necessary prior to his deportation, such as conduct an inventory and pack his personal property; manage his bank accounts; determine where he will live in Liberia; and visit his family, including his three children. (ECF No. 322, p. 5). I recognize that family circumstances may provide a basis for compassionate release.  Typically, those circumstances involve the death or incapacitation of the caregiver of the defendant's minor child or children or the incapacitation of the defendant's spouse or partner where the defendant would be the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). The policy statement outlining those circumstances is no longer controlling, but nevertheless provides "helpful guidance." *United States v. Jones*, Crim. No. 13-252, 2021 WL 1060218, at * 9 (W.D. Pa. Mar. 18, 2021) (citations omitted). While research did disclose cases in which compassionate release was granted despite

the fact that an immigration detainer was in place,[2] it did not disclose any case law indicating that a pending deportation served as the basis for a finding of extraordinary and compelling circumstances. Nor has the Defendant identified any.

      Certainly, this Court is not unsympathetic to the distress that the Defendant faces regarding his pending deportation and the likelihood that he may not be able to arrange his affairs or see his family prior to his return to Liberia. Yet a "compassionate release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *United States v. Roney*, 833 Fed. Appx. 840, 854 (2nd Cir. 2020). This Court already considered the consequences of the Defendant's deportation, such as the impact to him and his family, in fashioning the sentence in this case. Indeed, the Defendant himself was well aware of the impact of his agreement to deportation in entering into the Rule 11(c)(1)(C) plea agreement in this case which formed the basis for the sentence ultimately imposed. Further, as the Government points out, the desire to spend time with family members prior to deportation is likely "ubiquitous" to all those presently incarcerated and facing deportation at the conclusion of their sentence.

      Even assuming, for the purpose of argument only, that the Defendant had established extraordinary and compelling reasons for release, I find that he remains a danger to the safety of the community and that the factors set forth in Section 3553(a) do not warrant a reduction in his sentence. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the

---

[2] For instance, in *United States v. Archer*, Crim. No. 91-301, 2021 WL 5049810, * 7 (M.D. Fla. Nov. 1, 2021), the court granted compassionate release based upon the defendant's age, declining health, and term of incarceration, finding that these factors combined to constitute extraordinary and compelling circumstances. The Government argued that an immigration detainer in place prevented release. The court disagreed, finding that "numerous courts have granted compassionate release to inmates notwithstanding the existence of an ICE detainer." Here, in contrast, the Defendant essentially seeks compassionate release *because* of an ICE detainer.

need for the sentence imposed; the kinds of sentences available; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

      The Defendant's drug crime was serious. He and his coconspirators trafficked significant amount of cocaine in this District. This factor weighs against release. Additionally, he has a long criminal history despite his relatively youthful age. His record is replete with the possession of weapons and ammunition as well as the possession of controlled substances. He has prior federal and state convictions and, in fact, continued trafficking guns while on supervised release in a federal gun case. (ECF No. 214). His return to criminal activity after serving a term of imprisonment and while on supervised release weigh against release. With respect to the term imposed, the Court adopted the Rule 11(c)(1)(C) proposed sentence as agreed to by the parties. The Defendant's deportation was agreed to as part of the plea and he knew that he likely would not be in a position to make personal arrangements or see family members post-release. Nevertheless, he accepted the terms of the plea agreement. Consequently, this Court finds the present circumstances are such that an early release would not adequately reflect the seriousness of the crime and the need for the sentence imposed. Finally, I am not confident that a period of incarceration has deterred the Defendant. As previously stated, he trafficked guns while on supervised release. As such, I believe that the Defendant presents a danger to the community which counsels against early release.

Because the Defendant cannot establish extraordinary and compelling reasons, and, in the alternative, because the factors set forth in 18 U.S.C. § 3553(a) weigh against release, the Defendant's Motion is denied.

Dated: December 7, 2021

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court